UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00228-JLS-ADS                                           Date: July 21, 2021
Title: Hui Peng v. Dong Li

Present:
**Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR
DEFENDANT:

Not Present                                                          Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND TO STATE COURT (Doc. 10)**

Before the Court is a Motion to Remand brought by Plaintiff.  (Mot., Doc. 10.)
Defendants opposed, and Plaintiff replied.  (Opp., Doc. 25; Reply, Doc. 26.)  Having
taken the matter under submission, considered the parties' arguments, and for the reasons
below, the Court GRANTS Plaintiff's Motion and REMANDS this matter to state court.

## I.     BACKGROUND

On February 13, 2020, Plaintiff Hui Peng ("Plaintiff") filed this action against
Defendant Dong Li ("Defendant") in Orange County Superior Court, alleging the
following California law claims: (1) intentional fraud/deceit; (2) conversion; and (3)
breach of fiduciary duty.  (*See* Compl., Doc. 1-2.)  In brief, the Complaint alleges that
Defendant induced Plaintiff to sell all her shares in a California company called Leoch
Battery Corporation ("LBC") by making material misrepresentations about the
transaction.  (Compl. ¶¶ 5-28.)  On February 24, 2020, Plaintiff attempted to serve the
Complaint and Summons on Defendant by substitution at the offices of LBC in Foothill
Ranch, Orange County, California.  (Buxbaum Decl., Doc. 10, ¶ 3.)  On August 24, 2020,
the Superior Court the granted Defendant's motion to quash the service of summons and
complaint.  (*Id.* ¶ 4.)  Plaintiff re-effected service on December 1, 2020.  (*Id.* ¶ 7.)

On February 2, 2021, Defendant removed the action to this Court, invoking

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00228-JLS-ADS                                    Date: July 21, 2021
Title: Hui Peng v. Dong Li

diversity jurisdiction.  (*See* Notice of Removal ("NOR"), Doc. 1.)  According to the
Complaint and Notice of Removal ("NOR"), Plaintiff is a resident of California, and
Defendant is a citizen and resident of Singapore. (NOR ¶ 7; Compl. ¶¶ 1-2.)  And the
amount in controversy exceeds $75,000 because Plaintiff alleges she did not receive
$300,000 to which she was entitled.  (NOR ¶ 8; Compl. ¶ 16.)

Plaintiff now moves to remand this action to Orange County Superior Court,
arguing that (1) removal was untimely because Defendant removed the action more than
30 days after service of the complaint in violation of 28 U.S.C. Section 1446 (b), and
(2) the case should be remanded because it was consolidated for all purposes with two
others pending in Orange County Superior Court.  (*See generally* Mot.)

## II.   <u>LEGAL STANDARD</u>

The removal statute provides that "notice of removal of a civil action or
proceeding shall be filed within 30 days after the receipt by the defendant, through
service or otherwise, of a copy of the initial pleading setting forth the claim for relief
upon which such action or proceeding is based, or within 30 days after the service of
summons upon the defendant if such initial pleading has then been filed in court and is
not required to be served on the defendant, whichever period is shorter."  28 U.S.C. §
1446 (b)(1) ("Section 1446").

"The removal statute is strictly construed, and any doubt about the right of
removal requires resolution in favor of remand. The presumption against removal means
that 'the defendant always has the burden of establishing that removal is proper.'"
*Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir.2009).  "Section
1446(b)'s time limit is mandatory such that a timely objection to a late petition will
defeat removal."  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 n. 4 (9th
Cir. 2013) (internal citations and quotation marks omitted).

The Supreme Court has made clear that "a named defendant's time to remove is
triggered by simultaneous service of the summons and complaint, *or* receipt of the
complaint, 'through service or otherwise,' after and apart from service of the summons,
but not by mere receipt of the complaint unattended by any formal service."  *Murphy
Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00228-JLS-ADS                                    Date: July 21, 2021
Title: Hui Peng v. Dong Li

## III.   <u>DISCUSSION</u>

Plaintiff's primary argument is that removal was untimely under Section 1446 and that the action therefore must be remanded.  (Mot. at 5); *see Kuxhausen*, 707 F.3d at 1142 n. 4 (Section 1446(b)'s time limit is mandatory).[1]  Specifically, Plaintiff argues that she served Defendant with the summons and complaint on December 1, 2020, and that the deadline for removal was therefore December 31, 2020.  Accordingly, Plaintiff argues, Defendant's removal of the action, dated February 2, 2021, is untimely.  (Mot. at 5.)

In support of her motion, Plaintiff attaches declarations by two process servers— one in Hong Kong and the other in Singapore.  The process server in Hong Kong attests that, on December 1, 2020, after attempts at personal service failed, he served Defendant through various means, including by leaving the summons and complaint in a mailbox at Defendant's residential address, and by mailing the summons and complaint to Defendant's residential and office addresses.  (Choi Ka Kiu Decl., Ex. A to Mot., Doc. 10.)  The process server also attests that he effected service on Defendant in accordance with Hong Kong law, which allows service by post, among other methods  (*Id.* at 5.)  The Singapore process server similarly attests that, after attempting personal service, he sent the summons and complaint to Defendant's residential and business addresses in Singapore by registered mail.  (Nagarajah Decl., Ex. A to Mot., Doc. 10 at ECF Page 47.)  In support, the process server attaches a tracking slip that indicates the materials were delivered on December 4, 2020.  (Tracking Sheet, Doc. 10 at ECF Page 98.)  The Singapore process server also served Defendant by substituted service on December 2, 2020 by delivering the complaint and summons to a staff member at Defendant's place of business.  (Nagarajah Decl. at 1.)  The staff member acknowledged receipt and accepted service on Defendant's behalf.  (*Id.*)

In his opposition, Defendant—the party who bears the burden of proving removal was timely—does not dispute that Plaintiff's service in early December was effective.  (*See* Opp. at 5 ("Peng effected service on Dong Li at locations in Hong Kong and Singapore.").)  Instead, Defendant argues that, at the time of service in Singapore and Hong Kong, he was in mainland China, and that he and his counsel did not receive the

---

[1] As explained below, the Court finds that the action must be remanded because removal was untimely; therefore, the Court does not reach Plaintiff's other argument for remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00228-JLS-ADS                                    Date: July 21, 2021
Title: Hui Peng v. Dong Li

complaint until January 11, 2021, when Plaintiff filed the proof of service.  (Opp. at 5.)
Accordingly, Defendant argues, the Notice of Removal filed on February 3, 2020, was
within Section 1446's 30-day deadline.  In support, Defendant cites a number of non-
binding district court decisions for the proposition that "Section 1446 requires that a
timely notice of removal be filed within thirty days *of the receipt of the pleading by the
defendant*, rather than thirty days from the date of purported service."  (Opp. at 4 (citing
*e.g.*, *Dielsi v. Falk*, 916 F. Supp. 985, 989 (C.D. Cal. 1996) ("a majority of courts hold
that the 30 day period begins when a Defendant *receives* a copy of the Complaint")
(emphasis in original).)

However, the case law Defendant relies on pre-dates *Murphy Brothers v. Michetti
Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999), and addresses a separate issue, namely
whether receipt of the complaint *in advance of formal service* starts the removal clock.
The Supreme Court granted certiorari in the *Murphy Brothers* case because lower courts
were divided on the question of whether service of process is a prerequisite for the
running of the 30-day removal period under Section 1446.  *Murphy Bros.*, 526 U.S. at
349.  Reversing the Eleventh Circuit, the Supreme Court held that informal receipt of the
complaint prior to service does not start the clock for removal.  Rather, the Supreme
Court held, "a named defendant's time to remove is triggered by simultaneous service of
the summons and complaint, or receipt of the complaint, 'through service or otherwise,'
after and apart from service of the summons, but not by mere receipt of the complaint
unattended by any formal service."  *Id.* at 347–48.  The first part of that holding is
instructive here.  That is, in interpreting Section 1446, the Supreme Court made clear that
service of the complaint along with the summons is enough to trigger the removal period.
The Supreme Court then went on to address how the removal clock is triggered when the
complaint is delivered to a named defendant "after and apart from service of the
summons," but that is not the situation here.

Here, Defendant was served with the summons *and* complaint through certified
mail at his residence and his place of business in Singapore and Hong Kong.  And the
process server in Singapore attests that a staff member at Defendant's place of business
informed him that he was in mainland China, but accepted the summons and complaint
on his behalf.  (Nagarajah Decl. ¶ 2.)  Defendant does not argue Plaintiff's means of
service was defective.  Allowing a properly-served Defendant to extend the time for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00228-JLS-ADS                                    Date: July 21, 2021
Title: Hui Peng v. Dong Li

removal by citing extended travel would thwart *Murphy Brothers* instruction that
"[u]nless a named defendant agrees to waive service, the summons continues to function
as the *sine qua non* directing an individual or entity to participate in a civil action or
forgo procedural or substantive rights." *Murphy Bros.*, 526 U.S. at 345. A rule that
requires inquiring into when a defendant actually received the summons and complaint in
each case—even when defendant is properly served through certified mail or substituted
service—would result in uneven application of Section 1446. Accordingly, the Court
concludes that Defendant has failed to carry his burden of showing that removal was
timely. *Accord RIH Acquisitions MS II v. Clarke Power Servs., Inc.*, 489 F. Supp. 2d
597, 600 (N.D. Miss. 2007) (finding defendant had failed to carry its burden and
remanding action over defendant's argument that removal was timely because its agent
for service of process was on a business trip and did not find a copy of the complaint on
his desk until five days after it was served).[2]

Finally, Defendant also argues that, even if removal was untimely, "untimely
removal is a procedural defect, which Plaintiff waived by affirmatively pursuing
litigation in this Court after removal." (Opp. at 6.) As examples of affirmative litigation
conduct, Defendant cites Plaintiff's refusal to stipulate to postponing Defendant's answer
deadline and Plaintiff's filing of an amended complaint. (*Id.*) Defendant argues that by
forcing Defendant to file motions to dismiss, Plaintiff has engaged in affirmative
litigation conduct in this forum that amounts to waiver of the right to object to removal
on timeliness grounds. The Court disagrees. Plaintiff has filed only one motion to date:
the present motion to remand the action to state court. Plaintiff filed this motion only two
weeks after the case was removed and before Defendant filed any motion to dismiss.

_____

[2] In a case distinguishable from the present circumstances, the Ninth Circuit held that
service of the summons and complaint *on Defendant's statutory agent*, the state Insurance
Commissioner, is not enough to trigger the removal period; rather, it was triggered when
Defendant's "designated recipient received the complaint." *Anderson v. State Farm Mut. Auto.
Ins. Co.*, 917 F.3d 1126, 1128 (9th Cir. 2019). *See Bad Kitty Inc. v. Guotai USA Co. Ltd.*, No.
CV-19-00916-PHX-GMS, 2019 WL 1505482, at *2 (D. Ariz. Apr. 5, 2019) (distinguishing
*Anderson* on the grounds that in *Anderson* "service upon the state Insurance Commissioner did
not necessarily correspond with the company receiving actual notice because a number of factors
beyond the company's control could affect when the company received actual notice from the
Commissioner").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00228-JLS-ADS                                  Date: July 21, 2021
Title: Hui Peng v. Dong Li

Plaintiff refusal to stipulate to an extension of Defendant's responsive deadline and her filing of an amended complaint in response to Defendant's first motion to dismiss is not the type of affirmative litigation conduct that amounts to a waiver.  Instead, Plaintiff litigated only to the extent necessary to preserve her rights in the event the case remained in federal court.  The Court therefore finds that Plaintiff has not waived her right to object to the untimeliness of removal.  *See Alarcon v. Shim Inc.*, No. C 07-02894 SI, 2007 WL 2701930, *2 (N.D. Cal. Sep. 13, 2007) (the "district court has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings").

For the foregoing reasons, the Court finds that removal was untimely under Section 1446 and the action must be remanded.[3]

IV.    **CONCLUSION**

For the foregoing reasons, Defendant has failed to establish that removal was timely.  Accordingly, the Court GRANTS Plaintiff's Motion and REMANDS this action to the Superior Court of California, County of Orange, Case No. 30-02020-01131891-CU-CO-CJC

Initials of Deputy Clerk:  mku

---

[3] Plaintiff cites, in passing, that 28 U.S.C. § 1447 (c) also allows "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  (Mot. at 4.)  To the extent Plaintiff intends this as a request for fees and costs, the request is DENIED.  "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).  Plaintiff does not brief why removal was unreasonable and the Court does not find that removal was patently unreasonable so as to militate in favor of fees.